UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
    Plaintiff,

vs.

THE SILVER PLATE OF MIAMI, INC. and
WENDY'S PROPERTIES, LLC,
    Defendants.

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, THE SILVER PLATE OF MIAMI, INC. and WENDY'S PROPERTIES, LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 555 Hialeah Drive, Hialeah, FL 33010 (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the Subject Premises are located in the Southern District.

1

## PARTIES

4.      Plaintiff, EMILIO PINERO, is over the age of 18, *sui juris*, and a resident of Maimi-Dade County, Florida. Plaintiff is a double-leg amputee from the knee down, requires the use of a wheelchair for mobility purposes, and is a qualified individual under the ADA.

5.      Defendant, THE SILVER PLATE OF MIAMI, INC., is a Florida profit corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

6.      Pursuant to the Miami-Dade County Property Appraiser's Office, Defendant, THE SILVER PLATE OF MIAMI, INC., is the owner of the Subject Premises.

7.      Defendant, WENDY'S PROPERTIES, LLC, is a Florida limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district, and is the owner/operator of the restaurant "WENDY'S" located at the Subject Premises.

8.      According to the Florida Department of Business and Professional Regulation, the Defendant, WENDY'S PROPERTIES, LLC, d/b/a WENDY'S #07962, was issued a Permanent Food Service Seating license on January 24, 2022 for the Subject Premises.

9.      WENDY'S is a popular fast-food restaurant known for its "fresh, never-frozen" beef hamburgers, crispy chicken sandwiches, fresh salads, and signature "Frosty" desserts. The restaurant offers a welcoming and convenient dining experience with options for dine-in, drive-thru, and delivery. Customers can enjoy a variety of classic and specialty menu items, including baked potatoes, chili, and breakfast selections. The Plaintiff enjoys dining at this Wendy's location and values the quality of its food and service. However, despite the Plaintiff's appreciation for the restaurant, significant accessibility barriers hinder their ability to fully enjoy the dining experience, in violation of the ADA.

## **FACTUAL ALLEGATIONS AND CLAIM**

10. Plaintiff, in his individual capacity, has visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

11. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

12. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

13. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

14. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

15. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to

meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

16. As the Subject Premises was designed, constructed, and built in 2000; and received its State License in 2022, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure.

17. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

18. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

19. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

20. On or about October 20, 2024, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

21. Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
### (Against All Defendants)

22. Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

23. Defendants, THE SILVER PLATE OF MIAMI, INC. and WENDY'S PROPERTIES, LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

24. THE SILVER PLATE OF MIAMI, INC., as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

25. WENDY'S PROPERTIES, LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

26. The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Accessible Parking**

**i. Non-Compliant Surface Slope in Accessible Parking Space**
Plaintiff and other wheelchair users experience difficulty parking due to an excessive surface slope within the accessible parking space. ADA regulations require accessible parking spaces to have a slope not exceeding 2% in any direction to ensure stability for individuals with mobility impairments. This violates §502.4 of the ADAAG and §502.4 of

the 2010 ADA Standards. Reworking or repaving the parking space to provide a compliant surface slope is readily achievable.

**ii. Non-Compliant Surface Slope in Access Aisle**
The access aisle adjacent to the accessible parking space has a surface slope that exceeds the maximum allowable limit, making it difficult for Plaintiff and other wheelchair users to maneuver safely. ADA regulations require access aisles to be level with a slope not exceeding 2% in any direction. This violates §502.4 of the ADAAG and §502.4 of the 2010 ADA Standards. Adjusting the surface slope to comply with accessibility requirements is readily achievable.

**iii. Faded Accessible Parking Lines and Access Aisles**
Plaintiff and other individuals with disabilities have difficulty locating the accessible parking spaces due to faded lines marking the spaces and access aisles. Clear markings are essential to ensure proper use of the designated accessible spaces. This violates §502.3 of the ADAAG and §36.211 of the 2010 ADA Standards. Re-striping the parking spaces and access aisles to restore visibility is readily achievable.

**Accessible Route**

**iv. Non-Compliant Maneuvering Clearance at Entrance Door**
Plaintiff and other wheelchair users encounter difficulty maneuvering at the entrance due to insufficient clearance. ADA regulations require a minimum maneuvering clearance to allow for independent navigation by individuals with mobility impairments. This violates §404.2.4 of the ADAAG and §404.2.4.1 of the 2010 ADA Standards. Reworking the entrance to provide proper maneuvering clearance is readily achievable.

**Interior Seating Area**

**v. Insufficient Knee Clearance at Tables**
Plaintiff is unable to sit comfortably at the dining tables due to insufficient knee clearance. ADA regulations require tables to provide at least 30 inches of width, 17 inches of toe clearance, and sufficient knee space for a forward approach. This violates §306.2 and §306.3 of the ADAAG and §902.2 of the 2010 ADA Standards. Modifying or replacing the tables to provide adequate clearance is readily achievable.

**vi. Failure to Provide Minimum Required Accessible Tables**
The interior dining area does not provide the required number of accessible tables, making it difficult for Plaintiff and other wheelchair users to find suitable seating. At least 5% of seating must be accessible. This violates §226.1 of the ADAAG and §902.1 of the 2010 ADA Standards. Ensuring compliance by designating or modifying accessible tables is readily achievable.

**Public Restroom**

**vii. Insufficient Knee Clearance at Lavatory**

Plaintiff is unable to use the lavatory comfortably due to insufficient knee clearance. ADA regulations require at least 27 inches of knee clearance above the finished floor to accommodate individuals using wheelchairs. This violates §606.2 of the ADAAG and §306.3 of the 2010 ADA Standards. Adjusting the lavatory height and depth to provide compliant clearance is readily achievable.

**viii. Lavatory Mounted Too High**
The lavatory is mounted above the maximum allowable height, making it difficult for Plaintiff and other wheelchair users to use. ADA regulations require lavatories to be mounted no higher than 34 inches above the finished floor. This violates §606.3 of the ADAAG and §606.1 of the 2010 ADA Standards. Lowering the lavatory to a compliant height is readily achievable.

**ix. Mirror Mounted Too High**
Plaintiff is unable to use the restroom mirror due to its excessive mounting height. ADA regulations require the bottom edge of the reflecting surface to be no higher than 40 inches above the finished floor. This violates §603.3 of the ADAAG and §213.3.6 of the 2010 ADA Standards. Lowering the mirror to the required height is readily achievable.

**x. Toilet Compartment Door Lacks Self-Closing Hinges**
The accessible stall door does not have self-closing hinges, making it difficult for Plaintiff and other wheelchair users to close the door independently. ADA regulations require restroom stall doors to be self-closing to allow for ease of use. This violates §604.8.1.2 of the ADAAG and §604.8.1.2 of the 2010 ADA Standards. Installing self-closing hinges is readily achievable.

**xi. Water Closet Positioned Outside ADA-Compliant Range**
The water closet is improperly positioned at 18.75 inches from the side wall, exceeding the allowable range of 16 to 18 inches. This improper placement makes it more difficult for Plaintiff and other wheelchair users to transfer safely. This violates §604.2 of the ADAAG and §604.2 of the 2010 ADA Standards. Relocating the water closet to the required position is readily achievable.

**xii. Non-Compliant Rear Wall Grab Bar at Water Closet**
The rear wall grab bar is mounted incorrectly, reducing its effectiveness for safe transfers. ADA regulations require grab bars to be a minimum of 36 inches long and extend at least 12 inches from the centerline of the toilet. This violates §604.5.2 of the ADAAG and §604.5.2 of the 2010 ADA Standards. Installing a compliant rear wall grab bar is readily achievable.

**xiii. Non-Compliant Side Wall Grab Bar at Water Closet**
Plaintiff and other individuals with mobility impairments are unable to transfer onto the water closet safely due to the side wall grab bar being mounted too far from the rear wall. ADA regulations require the side wall grab bar to be no more than 12 inches from the rear wall. This violates §604.5.1 of the ADAAG and §604.5.1 of the 2010 ADA Standards. Relocating the grab bar to a compliant position is readily achievable.

### xiv. Toilet Tissue Dispenser Mounted at Non-Compliant Location

The toilet tissue dispenser is mounted too far from the water closet, making it difficult for Plaintiff and other wheelchair users to reach. ADA regulations require dispensers to be positioned 7 to 9 inches in front of the toilet. This violates §604.7 of the ADAAG and §604.7 of the 2010 ADA Standards. Repositioning the dispenser to a compliant location is readily achievable.

### xv. Insufficient Wheelchair Turning Space in Restroom

The restroom lacks the required 60-inch diameter wheelchair turnaround space, preventing Plaintiff and other wheelchair users from maneuvering safely. ADA regulations require sufficient turning space to allow independent navigation. This violates §304.3 of the ADAAG and §304.3.2 of the 2010 ADA Standards. Reconfiguring restroom fixtures to provide adequate turning space is readily achievable.

27. The barriers, conditions, and violations described above are not exhaustive but represent those personally encountered by Plaintiff. These violations deprive Plaintiff and other similarly situated individuals of full and equal enjoyment of the Subject Premises, in violation of 42 U.S.C. § 12182 and the ADAAG.

28. A comprehensive inspection of the Subject Premises is in the best interest of all individuals with disabilities, including Plaintiff, to ensure full compliance with the ADA and ADAAG for all disabled citizens. An inspection would also benefit all parties to this action. For Plaintiff, it would reduce the likelihood of further discrimination, difficulty, frustration, and social embarrassment from encountering additional barriers to access after achieving full and unrestricted access to all public areas of the Subject Premises. For Defendants, the inspection would allow for the efficient identification and remediation of all barriers to access, enabling the Subject Premises to comply with the ADA, which has been in effect for over three decades, and thereby prevent future discrimination against individuals with disabilities.

29. Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff

to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

30. In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

31. Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

32. The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

33. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

**RELIEF SOUGHT**

34. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

35. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

36. Plaintiff requests an inspection of the Subject Premises in order to determine all of the discriminatory acts violating the ADA, including specifically those barriers to access concealed when Plaintiff encountered and observed the initial barriers to access detailed above.

37. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

/s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
  *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
844-702-8867
WassenbergL@gmail.com